IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| EFRAIN SANCHEZ | § | |
| | § | |
| V. | § | CIVIL ACTION NO. _____ |
| | § | JURY TRIAL IS DEMANDED |
| CITY OF PALMVIEW | § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Efrain Sanchez, complaining of Defendant the city of Palmview, and in furtherance thereof would show the Court as follows.

## I.
## Jurisdiction and Venue

1.     Plaintiff's claim is brought under the Family Medical Leave Act (the "FMLA") for Defendant's willful violations of Plaintiff's protected rights.  29 U.S.C. § 2601, *et seq.*

2.     Plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1402(b), 28 U.S.C § 1343(a), and 28 U.S.C. § 1331.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) for acts committed within this jurisdictional district.

## II.
## Parties

3.     Plaintiff Efrain Sanchez is an individual resident of Hidalgo County, Texas, and a United States citizen.  He has resided in Hidalgo County and the Southern District of Texas at all relevant times to this complaint.

4.     Defendant city of Palmview is in Hidalgo County, Texas.  At all relevant times, this public agency defendant was a covered employer under the FMLA.  Service of

process may be had on Palmview by and through its City Secretary, Annette Villarreal, at 400 West Veterans Boulevard, Palmview, Texas 78572, or wherever said secretary may be found.  FED. R. CIV. P. 4(j)(2)(B); *see also* TEX. CIV. PRAC. & REM. CODE § 17.024(b).

### III.
### Jury Demand

5.      Plaintiff hereby demands a jury trial.  This demand is made no later than 14 days after the last pleading directed to the issue is served.  FED. R. CIV. P. 38(b).

### IV.
### Factual Background

6.      As of its city charter adopted October 3, 2006, Palmview is an incorporated municipality located in Hidalgo County, Texas.  Palmview hired Efrain Sanchez first in the early 2000s, then, after a two-year hiatus, again in 2012.

7.      At the time of his separation from Palmview, Mr. Sanchez served as a Code Enforcement Officer earning $40,000 per year.

8.      After almost two decades of service to the City, Mr. Sanchez began having health issues.

9.      In April 2018, Mr. Sanchez had an MRI because of lower back pain.  As part of that procedure, his healthcare providers discovered a tumor on his kidney (in addition to a disc herniation).  His doctors, more concerned with the tumor than his back pain, informed Mr. Sanchez that he would require surgery in the near future to remove and biopsy the tumor.

10.     Mr. Sanchez sought out a second opinion at MD Anderson, where he was informed that he should indeed have the tumor removed and biopsied.  MD Anderson offered August 2018 as a date for surgery, and Plaintiff requested time off for same.  More specifically, he informed Palmview that he had a serious health condition that made him unable to perform the functions of his job, and that he required time off to address it.  Plaintiff's notice to the City provided enough information for Palmview to know that the leave was covered by the FMLA, and it was made in such a way as to attempt to minimize the disruption to city operations.

11.     After receiving Mr. Sanchez's request for time off under the FMLA, Palmview failed and refused to provide Plaintiff with a Notice of Eligibility and Rights and Responsibilities.   Moreover, the City never requested certification of or from Mr. Sanchez.

12.     Instead, the city of Palmview initiated a nefarious plan to force Mr. Sanchez to resign, which culminated in mid-August 2018.  On August 15, 2018, Palmview gave Plaintiff what amounted to three written reprimands, each of which was pretextual and designed to force his resignation.

13.     First, Mr. Sanchez was reprimanded for failure to clock in and out, a minor infraction that many other city employees had committed without reprimand.  Defendant used it as a pretext to force Plaintiff's resignation because he had the audacity to request leave under the FMLA to which he was entitled.

14.     Second, Palmview reprimanded Mr. Sanchez for failing to "follow the chain of command in reporting his request for sick leave" because he "failed to notify City Manager of his request for sick leave." Mr. Sanchez was never informed of a "chain of command" for requesting sick leave, nor was he ever provided with an employee handbook outlining such a chain of command.

15.     Third, on the same day, Mr. Sanchez was suspended for failing to submit to a drug test. At 4:50 p.m. on August 14th, Palmview supervisors called Mr. Sanchez on his cell phone to inform him that he was required to take a drug test. Mr. Sanchez was in a work meeting at the time of the phone call and asked if he could take the test after 5 p.m. The City informed him that the drug testing personnel would be leaving at 5 p.m. Had Mr. Sanchez left the meeting immediately and driven straight to the testing site, he would not have made it before 5 p.m. Nevertheless, Palmview issued a pretextual suspension with no reasonable basis or cause.

16.     Five days later, under great retaliatory pressure from his employer, Mr. Sanchez felt he had no choice but to resign in order to address his grave medical concerns. Palmview's Personnel Office, Finance Director, and City Manager all signed an Employment Action Form dated August 20, 2018, consummating his resignation, and noting that "[e]mployee is not eligible for Sick Leave. Employers must have served 15+ years with the City in order to qualify for 50 days (720 hours) of Sick Leave. Please refer to City Policy."

17.     Curiously, 12 days later the Personnel Office, Finance Direction, and City Manager – though this time joined by the Department Head – each signed a second Employment Action Form dated September 6, 2018.  This form was altered from its August 20th original to indicate that Mr. Sanchez had "retired," as opposed to "resigned."  But perhaps more importantly, this altered form indicates that "[e]mployee will not lose any sick days claimed from August 13, 2018 through August 31, 2018.  Upon retirement from the City, Efrain Sanchez will be eligible for Vacation and Sick Leave proceeds 160 total vacation hours and 164 total sick hours.  Please refer to City Policy."

18.     Given the direct and circumstantial evidence, Defendant clearly, willfully violated Plaintiff's FMLA rights.

## V.
## First Cause of Action

19.     Plaintiff repeats, realleges, and incorporates herein as part of his first cause of action paragraphs 1 through 18 of this complaint, inclusive and in their entirety and further alleges the following.

20.     Efrain Sanchez was unlawfully discharged by Defendant.

21.     At all relevant times, Plaintiff was an "eligible employee," as the FMLA defines that term.  29 U.S.C. § 2611(2)(A).  By way of illustration, and not limitation, he worked for the city of Palmview for at least 12 months and for at least 1,250 hours of service with Palmview for the 12-month period prior to requesting FMLA leave.

22.     Defendant is a covered "employer," as the FMLA defines that term.  29 U.S.C. § 2611(4).

23.     Plaintiff was entitled to a total of 12 workweeks of leave during the relevant time period.  29 U.S.C. § 2612.  Despite this entitlement to leave, Defendant denied Plaintiff's request and failed and refused to provide Mr. Sanchez with an eligibility notice, as is required by 29 CFR 825.300(b).

24.     Defendant committed other FMLA prohibited acts against Plaintiff.  Not only did Defendant wrongfully deny Plaintiff's request for FMLA leave to which he was statutorily entitled, but Defendant constructively discharged Mr. Sanchez on or about August 15, 2018 in violation of 29 U.S.C. 2615(a).

25.     Plaintiff has been injured and has suffered damages as a result of Defendant's prohibited acts and omissions.

## VI.
## Second Cause of Action

26.     Plaintiff repeats, realleges, and incorporates herein as part of his second cause of action paragraphs 1 through 19 of this complaint, inclusive and in their entirety and further alleges the following.

27.     Plaintiff was a covered employee who availed himself of a protected right under the FMLA.

28.     Plaintiff was adversely affected by Defendant's employment decision.

29.     Defendant retaliated against Plaintiff because of Plaintiff's request for leave under the FMLA.  There is a causal connection between Plaintiff's protected activity and the city of Palmview's adverse employment action against him.

30.     Plaintiff suffered damages and lost wages on account of Defendant's actions.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays for a judgment against the city of Palmview for:

a. damages equal to the amount of wages, salary, employment benefits, or other compensation denied or lost by reason of Defendants acts, omissions, and statutory violations set forth herein;

b. pre- and post-judgment interest on the amount described in section a. above, calculated at the prevailing rate;

c. an additional amount as liquidated damages equal to the sum of the lost wages and/or benefits described in section a. above;

d. any other actual monetary losses not described above;

e. equitable relief, including but not limited to, employment, reinstatement, promotion, and front pay pursuant to 29 U.S.C. 2617(a)(1)(B);

f. reasonable and necessary attorney's fees, expert fees, and costs as provided by 29 U.S.C. 2617(a)(3);

g. such other and further relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

/s/ Mauro Ruiz
Mauro F. Ruiz
State Bar No. 24007960
Federal ID No. 23774
118 West Pecan Boulevard
McAllen, Texas 78501
Email: mruiz@mruizlaw.com
Attorney-in-Charge for Plaintiff

And

/s/ Carlos Yzaguirre
Carlos M. Yzaguirre
State Bar No. 24039254
Federal ID No. 560902
6521 North 10th Street, Suite A
McAllen, Texas 78504
Email: carlos@cmylaw.com

Of Counsel:

**Ruiz Law Firm, PLLC**
118 West Pecan Boulevard
McAllen, Texas 78501
956-259-8200
956-259-8203 – fax
Email: mruiz@mruizlaw.com

Carlos Yzaguirre
State Bar No. 24039254
Federal ID No. 560902
**Yzaguirre Law Firm, PLLC**
6521 North 10th Street, Suite A
McAllen, Texas 78504
956-682-4308
956-682-7864 – fax
Email: carlos@cmylaw.com